NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| QUALITY SIGNATURE HOMES, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 08-2759 (JAG) |
| KENNEDY FUNDING, INC.; JEFFREY WOLFER; GREGG WOLFER; JOSEPH WOLFER; BERNARD VOLPE; VOLPE REAL ESTATE ADVISORS; JOHN DOE 1-10, | **OPINION** |
| Defendants. | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on a motion to dismiss for lack of personal jurisdiction, and for failure to state a claim, by Defendants, Volpe Real Estate Advisors, Inc.[1], ("Volpe Advisors"); and Bernard Volpe ("Volpe"), (collectively "Defendants"), against Plaintiff, Quality Signature Homes, Inc., ("Plaintiff" or "Quality"), pursuant to Fed. R. Civ. P. 12(b)(2), and Fed. R. Civ. P. 12(b)(6), respectively. For the reasons set forth below, Defendants' motion to dismiss is granted.

**I. BACKGROUND**

Quality Signature Homes, Inc., filed the Complaint in this action on June 4, 2008, alleging *inter alia*, a claim for common law consumer fraud against Bernard Volpe and Volpe Real Estate Advisors, Inc. Plaintiff is a Georgia corporation, with its principal place of business

---

[1]In the Complaint, Plaintiff improperly refers to Volpe Real Estate Advisors, Inc., as "Volpe Real Estate Advisors." This Court employs Defendant's correct name in this Opinion.

in Norcross, Georgia. Defendant Volpe Advisors is a South Carolina corporation, with its principal place of business in Johns Island, South Carolina. Defendant Volpe is a citizen of South Carolina, and resides in Johns Island, South Carolina.

Plaintiff's Complaint generally alleges that Defendants took part in a fraudulent scheme with loan financier and named defendant Kennedy Funding, Inc., ("KFI"') to collect fees from Quality in anticipation of receiving a loan from KFI. Quality asserts that Defendants are connected to the alleged scheme because KFI "retained Volpe Real Estate Advisors to evaluate [Quality's property in Georgia] which Quality sought to use as collateral for the subject loan."[2] (Compl. ¶ 65.)

Plaintiff contends that jurisdiction is proper over all defendants in this action, pursuant to this Court's diversity jurisdiction, under 28 U.S.C. 1332(a). Plaintiff asserts that Plaintiff's and Defendants' citizenship are diverse, and that the amount in controversy exceeds $75,000.00. On July 17, 2008, Volpe and Volpe Advisors filed their motion to dismiss for lack of personal jurisdiction and for failure to state a claim. This Court agrees that it may not assert personal jurisdiction over these Defendants here.[3]

## II.   STANDARD OF REVIEW

Where, as here, a federal court has diversity jurisdiction, pursuant to 28 U.S.C. § 1332, a "federal district court may assert personal jurisdiction over a non-resident of the state in which the court sits to the extent authorized" by that state's law. Provident Nat'l Bank v. Cal. Fed. Sav.

---

[2] After being retained by KFI, Defendants performed two evaluations of Quality's Georgia property. (Compl. ¶¶ 66-67, 90-91.)

[3] Thus, this Court does not address the merits of Defendants' motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

& Loan Assoc., 819 F.2d 434, 436 (3d Cir. 1987).  The New Jersey Long-Arm Statute grants jurisdiction over non-residents to the full extent of the Due Process Clause of the Constitution of the United States.  Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004) (citing N.J. Court Rule 4:4-4(c)).  The Due Process Clause of the Fourteenth Amendment provides that a federal court has personal jurisdiction over a non-resident defendant only where the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' "  Provident Nat'l Bank, 819 F.2d at 436-37 (alteration in original) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

A district court may exercise either general or specific personal jurisdiction over a defendant.  Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001).  Specific jurisdiction exists where a plaintiff's cause of action is directly related to or arises out of a defendant's contacts with the forum.   See Imo Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998).  In contrast, general jurisdiction exists where the defendant maintains "continuous and systematic" contacts with the forum, such that the defendant should expect to be haled into court there on any cause of action.  See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 & n. 9 (1984); Provident Nat'l Bank, 819 F.2d at 437.  Plaintiff's factual burden is higher when invoking general jurisdiction, and the factual showing must be "extensive and persuasive." Reliance Steel Prods. v. Watson, Ess, Marshall & Enggas, 675 F.2d 587, 589 (3d Cir. 1982).

In either instance, the plaintiff bears the burden of establishing, through sworn affidavits or other competent evidence, that personal jurisdiction over the defendants can be exercised Abel v. Kirbaran, 267 F. App'x 106, 108 (3d Cir. 2008) (citing Mellon Bank (EAST) PSFS, N.A.

v. DiVeronica Bros. Inc., 983 F.2d 551, 554 (3d Cir. 1993)).  A particular defendant may be dismissed from a lawsuit if the court cannot assert personal jurisdiction over the defendant, pursuant to this standard.  See FED. R. CIV. P. 12(b)(2).

### III.   DISCUSSION

Plaintiff's Complaint sets forth twelve causes of action.  The only cause of action relevant to the present discussion is Count VI, in which Quality asserts a common law fraud claim against Defendants.  Defendants have moved to dismiss Plaintiff's only cause of action against them, asserting that this Court lacks both specific and general jurisdiction over the Defendants.  This Court agrees.

#### A.   Specific Jurisdiction

Plaintiff contends that specific personal jurisdiction over Defendants exists in this Court because, "the Volpe defendants are a vital part of an advanced fee scheme with KFI, a New Jersey corporation.  The Volpe defendants have corresponded with, and performed hundreds of 'evaluations' for KFI, over the span of nearly a decade."  (Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss ("Pl. Opp. Br."), p.8.)

Plaintiff's reliance on Defendants' business relationship with KFI, as a basis for establishing specific jurisdiction is misplaced.  To assert specific jurisdiction, a plaintiff must allege facts showing an act directed at the forum, from which the complained-of injury resulted. See Imo, 155 F.3d at 259.  There is no allegation that the alleged injury by Defendants to Plaintiff occurred in New Jersey.  Rather, Plaintiff is a Georgia Corporation that sought a loan from KFI, a New Jersey corporation.  KFI hired Defendant, Volpe Advisors, to perform an evaluation assessing the value of property in Georgia, which Plaintiff intended to pledge as collateral for the

loan. There is no allegation that Defendants ever entered New Jersey in connection with the transaction that forms the basis of Plaintiff's fraud claim. Thus, Plaintiff has failed to establish specific jurisdiction over Defendants. But see Schneider & Marquard, Inc. v. Facil, LLC., No. 07-182, 2007 WL 2814600 (D.N.J. 2007) (denying defendant's 12(b)(2) claim, and allowing breach of contract claim to continue where plaintiff was a New Jersey corporation, where plaintiff alleged defendant had entered New Jersey for the purpose of entering a contract with plaintiff, and where the alleged breach–the crux of the litigation–took place in New Jersey).

**B.     General Jurisdiction**

Plaintiff further contends that Defendants' contacts with New Jersey are so continuous and systematic as to warrant general jurisdiction. In support of their opposition to Defendants' motion, Plaintiff's counsel submitted an affidavit ("Gordon Aff."). A copy of a deposition of Defendant Volpe, and a copy of an affidavit of Defendant Volpe are attached to the Gordon affidavit, as Exhibits A and B, respectively. During his deposition, Volpe admitted to performing "hundreds" of evaluations on behalf of KFI. (Gordon Aff., Ex. A.) In his affidavit, Volpe further admitted to performing approximately fifty evaluations on behalf of KFI, between 1996 and 2006. (Id.) These documents are the only evidence that Quality has produced in support of its jurisdictional argument, and neither document establishes "extensively" or "persuasively," such systematic and continuous contact with New Jersey, as to hale Defendants into this forum for purposes of litigating the instant dispute.[4]

---

[4]In its opposition brief, Plaintiff also refers to an admission made by Defendants in their moving brief, in which Defendants' counsel states:

> On occasion, but not in connection with the Georgia Evaluations, Volpe performed property evaluations in New Jersey. From 1996 through 2006, Volpe performed about six (6) property evaluations in New Jersey compared with

5

Services rendered by a foreign corporation, for a New Jersey corporation, *outside* of the forum, alone, do not constitute the "systematic" and "continuous" contacts with the forum state required for this Court to exercise its jurisdiction over Defendants. Plaintiff has failed to establish that general jurisdiction can be exercised over Volpe and Volpe Advisors.

---

Cont.

hundreds of other property evaluations domestically and internationally during the same time period.

(Defendants' Brief in Support of the Motion to Dismiss, p. 3.)

Plaintiff contends that the six New Jersey property evaluations and "telephone calls and correspondence" with Defendants constitutes continuous and systematic contact with New Jersey, thereby justifying jurisdiction. (Pl. Opp. Br., p. 7.)

Although the referenced statement is attributable to Defendants, as it appears in their brief, it is unsupported by any affidavit, or other admissible evidence. Plaintiff's reliance on such a statement does not comport with the rule in this Circuit that proof of jurisdiction must be born out with "sworn affidavits or other competent evidence." See Stranahan Gear Co. v. N L Industries, 800 F.2d 53, 56 (3d Cir. 1986) (quoting Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 67 n.9 (3d Cir. 1984)).

Notwithstanding the improper form of Plaintiff's reference, this Court finds that Defendants' act of performing six evaluations in New Jersey over the course of a decade, does not constitute continuous and systematic contact with the forum, especially after that number has been diluted by the total number – hundreds – of evaluations performed across the country and the world. See Gehling v. St. George's School of Medicine, Ltd., 773 F.2d 539, 542-43 (3d Cir. 1985).

### III. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(2), is granted. Defendants' motion to dismiss, based on FED. R. CIV. P. 12(b)(6), is denied, as moot.

Date: January 29, 2009

                                       S/Joseph A. Greenaway, Jr.
                                       JOSEPH A. GREENAWAY, JR., U.S.D.J.